**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

FN HERSTAL, S.A.,            )      Civil Action No.:
                          )
                          )
           Plaintiff,      )
         v.               )
                          )
STURM, RUGER & CO., INC.,    )
                          )
                          )
           Defendant.    )
                          )

## COMPLAINT

Plaintiff, FN Herstal, S.A. ("Plaintiff") for its complaint against Defendant, Sturm, Ruger & Co., Inc., ("Defendant") alleges as follows:

## PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of Belgium, with its principal place of business located at Voie de Liège 33, B-4040 Herstal, Belgium.

2.      Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1 Lacey Place, Southport, Connecticut 06890.

## JURISDICTION AND VENUE

3.      This action is for federal trademark infringement and unfair competition involving claims arising under the Trademark Act of the United States, commonly known as the Lanham Act 15 U.S.C. §§ 1051 et seq., and for state trademark infringement, injury to business reputation, and

1

unfair competition under the laws of the State of Virginia, involving claims arising under the Trademark Registration and Protection Act, Virginia Trademark and Service Mark Act §59.1-92.1 et seq., and the common law.

4.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1332 and because such state law claims are joined with substantial and related claims under the Trademark Laws of the United States.

5.     Venue properly lies within the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(a), (b) and (c) as these causes of action arise, based upon information and belief, as a result of Defendant's actions in doing and transacting business in this district, or offering to sell its products or making its products available or by promoting the infringing mark to prospective purchasers within this district, and marketing its services and products to prospective purchasers within this District.  Furthermore, the U.S. subsidiary of Plaintiff has a facility and its headquarters located within this District.

6.     Plaintiff is a long-established and famous firearms and weapons manufacturer whose history dates back to 1889.  Plaintiff manufactures and distributes a full range of firearms and accessories for defense, law enforcement, hunting, marksmanship and for persons having an interest in acquiring such firearms and accessories.  Plaintiff engages in designing, testing, manufacturing, marketing and selling light and portable weapons, integrated weapons systems, ammunition and associated products, with many such products in widespread worldwide distribution, often with items particularized for military and law enforcement operations.  Plaintiff continues to focus on innovation and product improvements, resulting in products being renowned and used throughout the world.  Even beyond the fame and notoriety of the long-established names and trademarks FN and

Herstal, some of the other foremost brands of firearms in the world owned by the parent corporation of Plaintiff include the marks WINCHESTER and BROWNING.

7.    Plaintiff manufactures, distributes and sells firearms and related items under the trademark FIVE-SEVEN (references to Plaintiff's trademark FIVE-SEVEN will incorporate versions of the mark where the mark FIVE-SEVEN appears as a portion of a trademark and which also appears in stylized forms or which incorporates other words, letters, numbers and/or design features). Plaintiff's original FIVE-SEVEN branded handgun was designed and developed for standard issue to member states of the North Atlantic Treaty Organization and has since been purchased and used by militaries, law enforcement agencies, and civilians around the globe. Plaintiff's FIVE-SEVEN branded handgun has also been prominently depicted in best-selling video games and blockbuster movies. To date, Plaintiff has sold hundreds of thousands of handguns bearing the FIVE-SEVEN mark.  Plaintiff has extensively promoted and sold these items under the trademark FIVE-SEVEN in the U.S. and in many foreign nations.  Plaintiff has sought to protect its valuable trademark rights in the trademark FIVE-SEVEN for the items sold under this trademark and has obtained Federal trademark registrations duly issued from the United States Patent and Trademark Office, including the following:

| MARK | REG. NO. | ISSUED | EXHIBIT |
|---|---|---|---|
| FIVE-SEVEN (stylized) | 2,096,923 | September 16, 1997 | 1 |
| FIVE-SEVEN | 4,017,800 | August 30, 2011 | 2 |

Both of the above referenced Federal trademark registrations are in full force and effect and both registrations have achieved "incontestable" registration status with the former of the above registrations having long ago achieved such "incontestable" registration status.  The above Federal Registration No. 2,096,923 covers goods identified as "firearms, automatic pistols, ammunition and

projectiles" in International Class 13 and "magazines, brochures, books and handbooks featuring firearms" in International Class 16.

8.      Plaintiff's rights in its FIVE-SEVEN mark stretch across multiple classes of goods and services. Due to Plaintiff's fame in the underlying mark, consumers have demanded even toy models and non-firearms replicas of the firearm associated with Plaintiff's FIVE-SEVEN mark—as such, Registration No. 4,017,800 covers toy and replica firearms and related products in International Class 28.

9.      By reason of Plaintiff's extensive promotion and sales of its products under Plaintiff's trademark FIVE-SEVEN, the trademark FIVE-SEVEN has acquired great recognition and renown in the relevant trade, and prospective purchasers have come to recognize such trademark as signifying Plaintiff.

10.      Notwithstanding Plaintiff's well-known and established rights in its FIVE-SEVEN trademark, Defendant has recently commenced use of the trademark "Ruger-57" or variations of this trademark, where at times it has been referred to as FIVE SEVEN, in connection with a directly competing firearm to Plaintiff's FIVE-SEVEN branded firearm.

11.      Defendant's egregious violations of Plaintiff's rights in its FIVE-SEVEN mark include where Defendant, through its employees or representatives, pronounces in its own published marketing materials the "57" element of its mark as "Five Seven" (not "fifty-seven") and Defendant at times refers to its own Ruger-57 branded product as simply the "Five Seven" with no reference to the term "Ruger."  Moreover, Plaintiff understands that Defendant markets its purported Ruger-57 mark in connection with a firearm similar or nearly identical in size, purpose, weight, feel, color, caliber, capacity, features, and even style to the FIVE-SEVEN branded firearm marketed and sold by Plaintiff for more than 20 years. For example, both firearms are chambered to fire Plaintiff's

4

designed and developed proprietary ammunition, both firearms come in 10 and 20 round capacity variants, both firearms are available in black, and both firearms constitute the same general form factor.

12.      Defendant's mark Ruger-57, subsumes Plaintiff's trademark FIVE-SEVEN in whole and verbatim, so as to further increase the likelihood of confusion, mistake or deception, as well as to create the incorrect belief among consumers that Defendant's products marketed and sold in connection with the Ruger-57 mark are somehow associated with, affiliated with, or endorsed by Plaintiff. The Ruger-57 mark and variations of this trademark as referenced above, unless otherwise specifically noted, will hereinafter be referred to as "Defendant's Accused Marks" or "Accused Marks."

13.      Defendant's use of the underlying Accused Marks or variations thereof under the circumstances involved will cause a likelihood of confusion, mistake or deception of a not insignificant number of prospective purchasers into believing that there is some affiliation, association or common source of sponsorship with Plaintiff's trademark FIVE-SEVEN for firearms or gun related items, or with Plaintiff's products, services or business.

14.      Defendant's use of the Accused Marks or variations thereof will cause, and is likely to cause, confusion and mistake with Plaintiff's products and services, disseminated or sold in connection with Plaintiff's trademark FIVE-SEVEN, or Plaintiff's business so as to deceive consumers, the trade and others, and thereby constitutes an infringement of Plaintiff's rights through unfair competition.

15.      Persons familiar with Plaintiff's trademark FIVE-SEVEN and the business of Plaintiff and/or Plaintiff's products are, on information and belief, likely to be confused, mistaken and/or to be deceived upon seeing Defendant's Accused Marks or variations thereof, or are likely to believe that

Defendant's business is endorsed by, sponsored by, or emanates from, or in some way is connected with Plaintiff or Plaintiff's business or with Plaintiff's trademark FIVE-SEVEN or variations thereof.

16.     Defendant has, on information and belief, intentionally and willfully attempted to trade upon the goodwill of Plaintiff in its trademark FIVE-SEVEN with Defendant continuing to use the Accused Marks after Plaintiff's objections and with Defendant even filing a Federal trademark application for the mark Ruger-57 and refusing to abandon said application even after receiving Plaintiff's objections to Defendant's continued use or maintenance of said trademark and trademark application.

17.     As a result of Defendant's unfair and infringing acts or misappropriations, Plaintiff has been irreparably damaged and, unless Defendant's infringing activities are enjoined, Plaintiff will continue to suffer irreparable injury and harm to its property and goodwill.

18.     Certain products designed or intended for sale under Defendant's use of the Accused Marks for Defendant's competing and related products provided under Plaintiff's trademark FIVE-SEVEN, on information and belief, move through multiple channels of trade that are similar or identical, and are promoted to the same or similar classes of prospective purchasers or end-users. For example, Plaintiff understands that the Defendant's products sold under the Accused Marks are advertised at the same trade shows, in the same printed publications including magazines, on the same websites, at the same stores, by the same reviewers, and through the same vendors as the products sold by Plaintiff in connection with its longstanding FIVE-SEVEN mark.  Plaintiff further understands that the Defendant's Products sold under the Accused Marks are offered for sale on the same websites, through the same distributors, at the same brick and mortar stores, and even potentially side-by-side in the very same display cases as the products sold by Plaintiff in connection with its FIVE-SEVEN mark.

19.     Defendant's use of the Accused Marks or variations thereof is without Plaintiff's consent or permission.

20.     Defendant's use of the Accused Marks or variations thereof will, on information and belief, result in damage and in the diminishment of sales and the loss of the value of Plaintiff's trademark FIVE-SEVEN.

21.     Upon information and belief, Defendant, with knowledge of Plaintiff's trademark FIVE-SEVEN and in willful disregard of Plaintiff's rights, is engaging in a deliberate course of conduct designed to appropriate the goodwill associated with Plaintiff's FIVE-SEVEN trademark at issue.

22.     Defendant's use of the Accused Marks or variations thereof, which are confusingly similar to Plaintiff's trademark FIVE-SEVEN, will irreparably harm Plaintiff by diminishing the reputation and goodwill of Plaintiff's trademark FIVE-SEVEN.  The public association of the trademark FIVE-SEVEN with Plaintiff's products is so great that Defendant's use of any variation of its Ruger-57 mark will inevitably cause consumers to mistakenly believe that the Defendant's products sold under the Accused Marks are produced, authorized, licensed, or sponsored by Plaintiff or that Defendant is somehow connected with Plaintiff or its FIVE-SEVEN mark.

23.     Defendant has further sought to obstruct and harm Plaintiff's trademark rights by filing in the United States Patent and Trademark Office a trademark application for the mark Ruger-57, Serial No. 88/654,610.  Plaintiff requested that Defendant voluntarily abandon said application, but Defendant has refused to do so, with Plaintiff notifying Defendant that Plaintiff would then need to oppose said application.  This Court case could fully resolve issues in the underlying trademark registration/application matters pending in the United States Patent and Trademark Office.

24.     Plaintiff's long-used and incontestable trademark is FIVE-SEVEN.  In a letter dated January 17, 2020, Defendant's Vice President, General Counsel and Corporate Secretary responded to Plaintiff's objections to Defendant's use of the Accused Marks and variations thereof to refer to its 5.7x28mm caliber pistol.  In this letter, Defendant incorrectly asserts that its trademark use of "Ruger-57" is permissible because it is a reference to the Defendant's product's 5.7x28mm chambering.  However, Defendant is not using 5.7x28mm as the name or brand of its products, but is instead using the typed mark 57 and orally FIVE SEVEN in a trademark manner in connection with the marketing and sale of Defendant's goods to indicate the source of those goods.  This is further demonstrated by Defendant's trademark application filing for the mark Ruger-57, Serial No. 88/654,610, identified above.  Indeed, in his January 17, 2020 letter, Defendant's Vice President, General Counsel and Corporate Secretary admitted that "Ruger has a long history of incorporating the caliber into product names; examples include our 10/22® rifles, 22/45™ pistols, P345® pistols, LC380® pistols, SR9® pistols, and AR-556® rifles, just to name a few." Most of these "product names" also happen to be registered trademarks to which Defendant claims proprietary rights. Defendant somehow believes that it can have exclusive use of its "10/22" and "LC380" marks in connection with its .22 caliber and .380 caliber firearms, respectively, while simultaneously believing Plaintiff cannot have exclusive use of its FIVE-SEVEN mark which is used in connection with, among other things, its 5.7x28mm firearm.  The fact remains that Defendant filed a trademark application for "Ruger-57" and upon information and belief numerous individuals, including Defendant's representatives as well as consumers and product reviewers have recently commenced referring to Defendant's subject firearms product as the FIVE-SEVEN, the 57, or the Ruger FIVE SEVEN.  Upon information and belief, Defendant even uses a superscript "TM" symbol after the

number "57" on the subject firearm to put third parties on notice that Defendant claims proprietary rights in the term "57" alone.

25.     Plaintiff will be unable to police the nature and quality of goods sold by Defendant under the Accused Marks or variations thereof.  The sale or prospective sale by Defendant of products or services under the Accused Marks or variations thereof will also blur and diminish the distinctive quality of Plaintiff's trademark FIVE-SEVEN and lessen its capacity to identify and distinguish the products and services of Plaintiff.  Plaintiff understands, on information and belief, that Defendant is specifically marketing and advertising its Ruger-57 branded firearm as a lower cost and cheaper competitor to Plaintiff's FIVE-SEVEN branded firearm.

## COUNT I

### (Federal Trademark Infringement)

26.     Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 25 of this Complaint as if set forth in full.

27.     Defendant's unauthorized use in commerce of the Accused Marks or variations thereof with respect to Defendant's products is likely to result in confusion, deception, or mistake and therefore constitutes an infringement of Plaintiff's registered trademarks.

28.     Defendant has used and is continuing to use the Accused Marks and filed and is attempting to move forward with advancing its trademark application showing the mark Ruger-57, with full knowledge of Plaintiff's prior and extensive rights in the trademark FIVE-SEVEN and with knowledge of Plaintiff's objection to Defendant's use of the Accused Marks; and with Defendant continuing to use the Accused Marks under such circumstances, said actions by Defendant are therefore, on information and belief, with an intent and purpose to trade upon the goodwill of Plaintiff's trademark FIVE-SEVEN.

29.     Unless enjoined by this Court, such acts will continue to cause damage to Plaintiff and the consuming public.

30.     Plaintiff has no adequate remedy at law.

## COUNT II

**(Unfair Competition Under Federal Law)**

31.     Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-30 of this Complaint as if set forth in full.

32.     Defendant's unauthorized use in commerce of the Accused Marks constitute a false designation of origin and a false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that Defendant and/or its goods are made or produced and/or its services are offered by Plaintiff or are otherwise affiliated, connected, or associated with, or sponsored or approved by Plaintiff, and therefore constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

33.     Defendant's use in commerce of the Accused Marks, in connection with Defendant's marketing, distribution, promotion and sale to the consuming public of Defendant's products constitutes a misappropriation of the distinguishing and identifying features which Plaintiff created through substantial effort and expense, thus evoking from the trade, consumers and others an immediate commercial impression or association favorable to Defendant, based on and derived from Plaintiff's trademark FIVE-SEVEN and the goodwill associated therein.

34.     Defendant's use of the Accused Marks constitutes false representations that Defendant has some connection or association with, or sponsorship by Plaintiff, and that the services and products identified with Plaintiff are available from Defendant.

35.     Said actions of Defendant constitute violations of 15 U.S.C. §1125(a) in that such false designation and representations of origin and quality are used on or in connection with the products that Defendant causes to enter into, or to affect commerce, which may lawfully be regulated by Congress.

36.     Defendant has used and is continuing to use the Accused Marks with full knowledge of Plaintiff's trademark rights, and after Plaintiff's objection to Defendant's continued use of the Accused Marks and attempted registration of the mark Ruger-57, and based upon information and belief, said actions by Defendant are with an intent and purpose to trade upon the goodwill of Plaintiff's trademark FIVE-SEVEN or Plaintiff's related marks.  Defendant's infringement is thus willful and deliberate.

37.     Plaintiff has no adequate remedy at law.

## **COUNT III**

### **(Virginia Trademark Infringement)**

38.     Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-37 of this Complaint as if set forth in full.

39.     Defendant's unauthorized use in commerce of the Accused Marks or of variations thereof is likely to result in confusion, deception or mistake, and therefore constitutes an infringement of Plaintiff's trademark FIVE-SEVEN pursuant to VA Code §59.1-92.12.

40.     Plaintiff has no adequate remedy at law.

## **COUNT IV**

### **(Unfair Competition Under Virginia Common Law)**

41.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-40 of this Complaint as if set out in full.

42.     Defendant's use of the Accused Marks or variations thereof is being done with the intent to palm off products or services as originating from or having the sponsorship, affiliation or approval of Plaintiff in order to trade on the goodwill created by Plaintiff in its trademark FIVE-SEVEN.  This use has continued in bad faith despite Plaintiff's objections to such use and to the trademark application of Defendant for the mark Ruger-57.

43.     Defendant's unauthorized use constitutes the common law tort of unfair competition.

44.     Unless restrained by this Court, Defendant's actions will cause irreparable injury to Plaintiff.

45.     Plaintiff has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

46.     Plaintiff requests trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.      That Defendant, its respective directors, officers, agents and employees, successors and assigns and all others acting in knowing concert with them, be preliminarily and then permanently restrained and enjoined from:

a.      marketing, advertising, displaying, selling, or distributing products using the Accused Marks or any variations thereof, alone or in combination with any other word, design or name, or any other mark which incorporates these marks or a confusingly similar version thereof, including but not limited to the mark identified in Defendant's pending U.S. trademark application for Ruger-57, which is likely to cause confusion, mistake or deception with the trademark FIVE-SEVEN or Plaintiff's related marks;

b.　　otherwise infringing Plaintiff's trademark FIVE-SEVEN or Plaintiff's related marks which incorporate the mark FIVE-SEVEN as a portion of a mark;

c.　　engaging in any other or further acts of unfair competition against Plaintiff;

d.　　engaging in any deceptive trade practices in the offering of goods or services under the Accused Marks or any other variations or simulations of Plaintiff's trademark FIVE-SEVEN, including but not limited to the mark identified in Defendant's pending U.S. trademark application;

e.　　engaging in any deceptive business practice in the offering of goods under the Accused Marks or any other variations or simulations of Plaintiff's trademark FIVE-SEVEN, including but not limited to the mark identified in Defendant's pending U.S. trademark application; and

f.　　be ordered to abandon any trademark applications filed that show 57 or include the designations, names, or marks 57 or FIVE SEVEN and any confusingly similar variations thereof, including the mark Ruger-57 shown in Defendant's pending U.S. trademark application, with the requirement that Defendant not file further trademark applications for such marks and assign to Plaintiff any domain names which include such designations.

2.　　That Defendant be directed to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, firearms, or other materials in its possession or custody and control which are within the United States of America, its territories and possessions, which display the Accused Marks or related marks which show or include the designation, name or mark 57 or FIVE SEVEN, and all means of making or affixing the same pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118.

3.      That Plaintiff be awarded the profits secured by Defendant as a result of its unlawful activities, and that said award be trebled as provided by law or in the alternative that Plaintiff be awarded statutory damages and prejudgment interest under 15 U.S.C. §1117(b)(2) in an amount determined by the Court for willful use of an infringing or counterfeit mark.

4.      That Plaintiff be awarded punitive damages in such amount as the Court and jury shall find sufficient to deter Defendant's willful unlawful conduct.

5.      That Plaintiff be awarded its costs incurred in this action, including its reasonable attorneys' fees.

6.      That Defendant be required to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of Defendant's compliance with the Court's order.

7.      That Plaintiff have such other and further relief as is warranted by the facts established at trial or which this Court may deem as just and equitable.


Respectfully submitted,


By:      /s/ Burton S. Ehrlich
         Burton S. Ehrlich (*pro hac vice* forthcoming)
         One of Plaintiff's attorneys
         Illinois Bar No. 0721018

Boris Umansky
John P. Luther
Ladas & Parry LLP
224 S. Michigan Avenue
Suite 1600
Chicago, Illinois 60604
(312) 427-1300

March 6, 2020

By: _____/s/Thomas J. Moore_____
Thomas J. Moore
One of Plaintiff's attorneys
Virginia State Bar No. 20056

c/o Ladas & Parry LLP
1700 Diagonal Road, Suite 505
Alexandria, VA 22314
Telephone: 571-317-7023