**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **FN Herstal, S.A.**,<br>Voie de Liège 33, B-4040 Herstal, Belgium,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>**Sturm, Ruger & Co., Inc.**,<br>1 Lacey Place, Southport, Connecticut 06890,<br><br>Defendant/Counterclaim Plaintiff. | CIVIL ACTION NO.<br>1:20-cv-00249-LO-TCB |

**STURM, RUGER & CO., INC.'S ANSWER**
**TO FN HERSTAL, S.A.'S COMPLAINT AND COUNTERCLAIMS**

Defendant Sturm, Ruger & Co., Inc. answers Plaintiff FN Herstal, S.A.'s Complaint and asserts the following Counterclaims:

## PARTIES

1. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 1, and therefore denies them.

2. Admitted.

## JURISDICTION AND VENUE

3. Ruger admits that FN Herstal alleges claims for trademark infringement and unfair competition under the Lanham Act, and trademark infringement, injury to business reputation, and unfair competition under Virginia State law and common law. Ruger denies that there is any basis for FN Herstal's claims and/or that FN Herstal is entitled to any relief.

4.  Ruger admits that subject matter jurisdiction exists over FN Herstal's federal and state-law claims. Ruger denies that there is any basis for FN Herstal's claims and/or that FN Herstal is entitled to any relief.

5.  Ruger admits that venue is proper in this District solely for the purposes of this case. Ruger denies that there is any basis for FN Herstal's claims and/or that FN Herstal is entitled to any relief. Ruger is without knowledge or information sufficient to form a belief about the allegations pertaining to FN Herstal's U.S. subsidiary, facility, and headquarters and therefore denies them.

6.  Ruger admits that FN Herstal manufactures and distributes various firearms and ammunition, and that its FN trademark is well-known. Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 6 and therefore denies them.

7.  Ruger admits that FN Herstal offers firearms using the term "Five-seveN" with its "FN" trademark. Ruger also admits that, according to the U.S. Patent and Trademark Office online records: (1) FN Herstal owns U.S. Reg. No. 2096923 for Five-SeveN (stylized) for "firearms, automatic pistols, ammunition and projectiles" in Class 13 and "magazines, brochures, books, and handbooks featuring firearms" in Class 16, which issued on September 16, 1997; and (2) FN Herstal owns U.S. Reg. No. 4017800 for FIVE-SEVEN (in standard-character format), which issued August 30, 2011. Ruger admits that, according to the U.S. Patent and Trademark Office online records, U.S. Reg. No. 2096923 and U.S. Reg. No. 4017800 are incontestable. Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 7 and therefore denies them.

8. Ruger admits that, according to the U.S. Patent and Trademark online records, FN Herstal's U.S. Reg. No. 4017800 for FIVE-SEVEN (in standard-character format) covers "Toy model and scale model replica firearms; toy ammunition and projectiles for toy model and scale model replica firearms; toy cases and holsters for toy model and scale model replica firearms; toy model and scale model replica firearms for virtual shooting; apparatus for electronic games designed for use with replica toy firearms for virtual shooting other than for use with an external display screen or monitor; targets and electronic targets for games" in International Class 28. Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 8 and therefore denies them.

9. Denied.

10. Ruger admits that it recently started using the trademark "RUGER-57" in connection with a pistol designed and manufactured by Ruger and chambered for the 5.7x28mm cartridge. That cartridge, and therefore the pistol's caliber, is referred to simply as "57" and is pronounced and spelled out as "five seven." Ruger admits that its RUGER-57 pistol competes with numerous other pistols, including the pistol that FN Herstal offers in connection with the designation FN Five-seveN, which also is chambered for the 5.7x28mm cartridge. Ruger denies the remaining allegations in Paragraph 10.

11. Ruger admits that it pronounces the "57" portion of "RUGER-57" as "five seven," and not "fifty seven" because, as described above, that pronunciation is used to communicate the caliber of its firearm. Ruger admits that its RUGER-57 firearm is a pistol and that FN Herstal's FN Five-seveN firearm also is a pistol and, as such, the two

products necessarily share certain similarities. Ruger admits that, like many other pistols, its RUGER-57 pistol and Plaintiff's FN Five-seveN pistol are generally similar in size (they are handguns) and weight, that both are offered with 10-round magazines (which is standard because several states have 10-round magazine capacity restrictions) and 20-round magazines, and that both are chambered for the 5.7x28mm cartridge which, again, is called the "57" (and pronounced "five seven"). Ruger denies that the pistols are "virtually identical" because, among other things, the RUGER-57 utilizes steel magazines and therefore has a significantly smaller grip circumference, generally has a slimmer profile, is visually distinct, and has a safety lever located in a different location. Ruger admits that FN Herstal sells 5.7x28mm ammunition. Ruger is without information regarding whether the 5.7x28mm cartridge is proprietary and therefore denies the same. Ruger denies that its RUGER-57 pistol and Plaintiff's FN Five-seveN pistol are similar in feel, purpose, color (other than the black version of the FN Five-seveN), features, and style. Ruger denies that FN Herstal has trademark rights in the term FIVE-SEVEN and that Ruger has violated any rights FN Herstal may own in the "FN Five-seveN" stylization. Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 11 and therefore denies them.

12. Ruger admits that FN Herstal defines "The Ruger-57 mark and variations of this trademark as referenced above, unless otherwise specifically noted" as "Defendant's Accused Marks" or "Accused Marks." Ruger denies the remaining allegations in Paragraph 12.

13. Denied.

14. Denied, including that FN Herstal has any rights in the FIVE-SEVEN caliber designation.

15. Denied.

16. Ruger admits that it filed a trademark application for RUGER-57. Ruger admits that FN Herstal objected to Ruger's application for, and use of, RUGER-57. Ruger admits that it responded to FN Herstal's objection by denying liability and that Ruger has not withdrawn its application or stopped its use of RUGER-57 because there is no basis for such actions. Ruger denies the remaining allegations in Paragraph 16.

17. Denied.

18. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 18, and therefore denies them.

19. Ruger admits that it has used RUGER-57 without FN Herstal's consent and permission because such consent and permission are neither needed nor appropriate.

20. Denied.

21. Denied.

22. Denied.

23. Ruger admits that it filed trademark application Serial No. 88/654,610 for RUGER-57, but denies that this application was filed to obstruct or harm FN Herstal or its alleged trademark rights (and denies that any such harm has or is likely to occur). Ruger admits that FN Herstal asked Ruger to voluntarily abandon its application, failing which FN Herstal claimed it would need to oppose the application. Ruger admits that it refused to abandon its application because there is no reason or basis for such action. The remaining allegations in Paragraph 23 are vague, confusing, and call for a legal

conclusion, to which no response is required. To the extent a response is required, and to the extent FN Herstal's remaining allegations are understood, Ruger denies them.

24. Ruger denies that FN Herstal has any rights in the caliber designation "57" or "FIVE-SEVEN". Ruger admits that its Vice President, General Counsel and Corporate Secretary responded to FN Herstal's objection in a January 17, 2020 letter by explaining that Ruger's use of RUGER-57 is permissible because it identifies a pistol chambered for the 5.7x28mm cartridge. Ruger admits that the "57" portion of the "RUGER-57" mark is used to identify the pistol's caliber. Ruger admits the letter from Ruger's Vice President, General Counsel and Corporate Secretary noted that "Ruger has a long history of *incorporating* the caliber into product names; examples include our 10/22® rifles, 22/45™ pistols, P345® pistols, LC380® pistols, SR9® pistols, and AR-556® rifles, just to name a few." (Emphasis added.) Ruger admits that those caliber designations appear within larger trademarks, but denies that Ruger claims proprietary rights in the caliber designations *per se*. Ruger admits that it believes that it has trademark rights in the composite marks "10/22" and "LC380," but not in the generic firearm caliber designations .22 and .380. To that end, Ruger admits that it believes that FN Herstal cannot have exclusive use of "FIVE-SEVEN" and/or its numerical equivalent "57" in connection with the 5.7x28mm caliber designation because "57" (pronounced "five seven") is generic. Ruger denies the remaining allegations and improper arguments in Paragraph 24.

25. Ruger admits that FN Herstal cannot, should not, and has no right to police the quality of Ruger's RUGER-57 pistol. Ruger denies the remaining allegations in Paragraph 25.

**COUNT I**
**Federal Trademark Infringement**

26. Ruger repeats and incorporates by reference its answers to Paragraphs 1-25 of the Complaint.

27. Denied.

28. Denied.

29. Denied.

30. Ruger denies that FN Herstal is entitled to any remedies.

**COUNT II**
**Unfair Competition Under Federal Law**

31. Ruger repeats and incorporates by reference its answers to Paragraphs 1-30 of the Complaint.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Ruger denies that FN Herstal is entitled to any remedies.

**COUNT III**
**Virginia Trademark Infringement**

38. Ruger repeats and incorporates by reference its answers to Paragraphs 1-37 of the Complaint.

39. Denied.

40. Ruger denies that FN Herstal is entitled to any remedies.

**COUNT IV**
**Unfair Competition Under Virginia Common Law**

41. Ruger repeats and incorporates by reference its answers to Paragraphs 1-40 of the Complaint.

42. Denied.

43. Denied.

44. Denied.

45. Ruger denies that FN Herstal is entitled to any remedies.

**AFFIRMATIVE DEFENSE**

46. Ruger's use of "57" within RUGER-57 is a permissible fair use because it communicates the caliber of its pistol.

47. Ruger reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, under the Lanham Act, and in law or in equity that may now exist or in the future be available based on discovery and further factual investigation of this case.

**COUNTERCLAIMS**

Counterclaim-Plaintiff Ruger alleges as follows, upon actual knowledge with respect to itself and upon information and belief as to all other matters.

**NATURE OF THE COUNTERCLAIMS**

1. These are counterclaims under Sections 14 and 37 of the Lanham Act, 15 U.S.C. §§ 1064 and 1119, for the cancellation of the trademark registrations that FN Herstal has asserted against Ruger. U.S. Trademark Registration Nos. 2096923 and 4017800 should be cancelled in their entireties because FIVE-SEVEN is a generic caliber designation for firearms.

## PARTIES

2. Counterclaim-Plaintiff Ruger is a Delaware corporation with its main corporate office located at 1 Lacey Place, Southport, Connecticut 06890.

3. Counterclaim-Defendant, FN Herstal, is a Belgium corporation with its principal place of business located at Voie de Liège 33, B-4040 Herstal, Belgium.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a).

5. By its Complaint, FN Herstal has attempted to allege counts of trademark infringement and unfair competition under the Lanham Act, and trademark infringement, injury to business reputation, and unfair competition under Virginia statutory and common law, seeking an order for Ruger to abandon its RUGER-57 trademark application, stop using RUGER-57, and pay damages and attorneys' fees.

6. As a result of FN Herstal's complaint and allegations, FN Herstal has submitted itself to the jurisdiction and venue of this Court.

## RUGER, ITS PRODUCTS, AND TRADEMARKS

7. With roots tracing back to 1949, Ruger is one of the nation's leading firearm manufacturers. Through its quality craftsmanship and innovations, Ruger has helped revolutionize the firearm industry and has earned a reputation as an American manufacturer of rugged and reliable firearms.

8. In 1949, with an initial investment of only $50,000 and an idea, Ruger's founders started the company by producing a .22 caliber autoloading pistol.

9. Since then, Ruger has grown and expanded its offerings to include more than 40 product lines totaling over 700 SKUs for the commercial, sporting, military, and law enforcement markets.

10. Through decades of use, substantial sales and advertising, and third-party recognition and acclaim, Ruger has become a well-known and trusted firearms brand, and the RUGER trademark has achieved substantial fame such that consumers associate the RUGER mark with the company's reputation for producing rugged, reliable firearms.

11. Building on its tradition of innovation, in January 2020 Ruger introduced its new RUGER-57 pistol, chambered for the 5.7x28mm cartridge. Consumers rarely denote the caliber using its full designation but, rather, refer to it simply as "57" and pronounce it "five seven." Ruger chose the RUGER-57 name because it combines its well-known RUGER trademark with the "57" caliber designation. The RUGER-57 pistol is shown below.

12. On October 15, 2019, Ruger filed an intent-to-use trademark application for RUGER-57 for firearms in Class 13, which was assigned Application No. 88654610 (the "RUGER-57 Application"). FN Herstal filed a Notice of Opposition against the

RUGER-57 Application with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office on February 13, 2020 (Opposition No. 91254533).

13. Like its RUGER-57 mark, Ruger has branded a number of its other products with trademarks that combine the firearm's caliber with other words, letters, or numbers to form a protectable composite, *e.g.*:

**Caliber: 9mm Luger**

RUGER® SR-556 TAKEDOWN®

**Caliber: 5.56 NATO**

**Caliber: .380 Auto**

SR22®

**Caliber .22 LR**



**Caliber: 9mm Luger**

**Caliber: .22 Hornet**

**Caliber: 9mm Luger**

**Caliber: .22 LR**

14. Ruger does not, and cannot, claim trademark rights in any generic caliber designations, *per se*. Nor can anyone else.

15. Ruger is not alone. It is common practice in the firearms industry to include a firearm's caliber within a larger trademark or product name, *e.g.*:

**X-5.7 Pistol 20RD**

**Caliber: 5.7x28mm (Excel Arms)**

**DBX57BGFB**

**Caliber: 5.7x28mm (Diamondback Firearms)**

**MPA57DMG**

**Caliber: 5.7x28mm**

**(MasterPiece Arms)**

**Caliber: .22 LR**
**(Smith & Wesson)**

**Caliber: 9mm**
**(Heckler & Koch)**

**Caliber: .22 LR**
**(Tarus International)**

**Caliber: .380 Auto**
**(Smith & Wesson)**

**Caliber: .40 S&W**
**(Heckler & Koch)**

**Caliber: .22 LR**
**(Tarus International)**

**Caliber: 9mm**
**(Smith & Wessen)**

**Caliber: .45 ACP**
**(Heckler & Koch)**

**Caliber: .454 Casull**
**(Tarus International)**




**Caliber: 9mm**
**(FN Herstal)**

**Caliber: .40 S&W**
**(FN Herstal)**

**Caliber: .45 ACP**
**(FN Herstal)**

**Caliber: .500 S&W Magnum**
**(Smith & Wessen)**

**Caliber: 5.56x45mm**
**(Heckler & Koch)**

**Caliber: 9mm Luger**
**(Tarus International)**

**AR**
**FIVE SEVEN**

**Caliber: 5.7x28mm**
**(57 Center)**

**Caliber: 7.62x51mm**
**(Heckler & Koch)**

**FN HERSTAL, ITS PRODUCTS, AND THE FN "Five-seveN" MARK**

16. FN Herstal offers, promotes, and sells a pistol chambered in 5.7x28mm under the mark "FN Five-seveN", *e.g.*:





17. FN Herstal's "FN Five-seveN" mark capitalizes the letters "F" and "N" to tie to the first part of the company's name (the latter part "Herstal" is the geographic town where FN Herstal is located), which serves as its core trademark and which is covered by numerous trademark registrations, including U.S. Registration Nos. 4531259

(FN), 4721907 (FN SMART CORE), 4017799 (FN HERSTAL), 4017801 (FN, Stylized), 3359918 (FN HERSTAL), 5202911 (FN 15), 5465295 (FN 509), 5465457 (FN 16), and 5772745 (FN MAG), and pending application Serial Nos. 79278730 (FN ARIA), 79278792 (FN PROPASS), 79278835 (FN PERMAX), 87634845 (FN FAL THE RIGHT ARM OF THE FREE WORLD), 87157112 (FN 503), 87600780 (FN FAL), and 88843455 (FN 22-MRD).

18. FN Herstal obtained U.S. Trademark Registration No. 2096923 for the mark Five-seveN (stylized) for "firearms, automatic pistols, ammunition and projectiles" in International Class 13 and "magazines, brochures, books and handbooks featuring firearms" in Class 16.

19. FN Herstal also obtained U.S. Registration No. 4017800 for FIVE-SEVEN, not stylized and in standard-character format, for "Toy model and scale model replica firearms; toy ammunition and projectiles for toy model and scale model replica firearms; toy cases and holsters for toy model and scale model replica firearms; toy model and scale model replica firearms for virtual shooting; apparatus for electronic games designed for use with replica toy firearms for virtual shooting other than for use with an external display screen or monitor; targets and electronic targets for games" in International Class 28.

20. Because firearms are commonly identified by their caliber, and the numbers "57" (which are pronounced "five seven" and not "fifty-seven") denote the 5.7x28mm cartridge, their primary significance to the relevant public is as an indication of the class of products, namely firearms chambered for that cartridge.

21. FN Herstal itself has used the numbers 5.7 (pronounced "five seven") generically to denote a caliber type. For example, the following statement appears on its website (https://www.fnherstal.com/en/product/five-seven):

> Together with the FN P90® submachine gun, the FN Five-seveN® Tactical Mk2 handgun and associated cartridge constitute the iconic FN® 5.7 Weapon System.

**FIRST COUNTERCLAIM**
**Cancellation of Registration No. 4017800 for Genericness**
**Under Section 14 of the Lanham Act, 15 U.S.C. § 1064**

22. Ruger repeats and realleges each and every allegation set forth in Paragraphs 1 through 21 of these counterclaims.

23. FN Herstal is the listed owner of U.S. Trademark Registration No. 4017800 for FIVE-SEVEN.

24. FN Herstal, Ruger, and the public use the numbers "57" (which are pronounced "five seven") to denote the caliber of firearms chambered for the 5.7x28mm cartridge, and not as a source-identifying trademark.

25. Ruger and others have a competitive and equal right to use the numbers "57" (including in the alphabetic form "five seven" in which those numbers are pronounced and written) to identify firearms chambered for the 5.7x28mm cartridge.

26. If Herstal is allowed to maintain its registration for the generic designation FIVE-SEVEN, it will effectively misappropriate a generic term for its exclusive use at the expense of Ruger, others in the industry, and the public.

27. Registration No. 4017800 for FIVE-SEVEN should be cancelled under Section 14 of the Trademark Act, 15 U.S.C. § 1064.

**SECOND COUNTERCLAIM**
**Cancellation of Registration No. 2096923 for Genericness**
**Under Section 14 of the Lanham Act, 15 U.S.C. § 1064**

28. Ruger repeats and realleges each and every allegation set forth in Paragraphs 1 through 27 of these counterclaims.

29. FN Herstal is the listed owner of U.S. Trademark Registration No. 2096923 for Five-seveN.

30. FN Herstal, Ruger, and the public use the numbers "57" (which are pronounced "five seven"), to denote the caliber of firearms chambered for the 5.7x28mm cartridge, and not as a source-identifying trademark.

31. Ruger and others have a competitive and equal right to use the numbers "57" (including in the alphabetic form "five seven" in which those numbers are pronounced and written) generically to identify the class and caliber of firearms chambered for the 5.7x28mm cartridge.

32. If FN Herstal is allowed to maintain its registration for the generic designation Five-seveN, it will effectively misappropriate a generic term for its exclusive use, at the expense of Ruger, others in the industry, and the public.

33. Registration No. 2096923 for Five-seveN should be cancelled under Section 14 of the Trademark Act, 15 U.S.C. § 1064.

**PRAYER FOR RELIEF**

WHEREFORE, Ruger respectfully requests that this Court dismiss FN Herstal's complaint with prejudice, enter judgment in its favor on each and every counterclaim for relief set forth above, and award Ruger relief, including the following:

A. An Order directing the Director of the U.S. Patent and Trademark Office to cancel U.S. Trademark Registration No. 4017800 on genericness grounds;

  B. An Order directing the Director of the U.S. Patent and Trademark Office to cancel U.S. Trademark Registration No. 2096923 on genericness grounds,

C. An Order directing the U.S. Patent and Trademark Office to dismiss Opposition No. 91254533,

D. An Order dismissing all of FN Herstal's claims with prejudice,

E. An Order directing FN Herstal to pay Ruger's costs and fees, and

F. Other relief as the Court may deem appropriate.

Dated: April 15, 2020

Respectfully submitted,

*/s/ Anna B. Naydonov*

Anna B. Naydonov (VA Bar No. 80101)
anna.naydonov@finnegan.com
Douglas A. Rettew (*pro hac vice forthcoming*)
doug.rettew@finnegan.com
Sydney English (*pro hac vice forthcoming*)
sydney.english@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, D.C. 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

*Attorneys for Sturm, Ruger & Co., Inc.*