**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| FN HERSTAL, S.A., ) <br> ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> STURM, RUGER & CO., INC., ) <br> ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: 1:20-cv-00249-LO-TCB |

**PLAINTIFF FN HERSTAL'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff/Counter-Defendant, FN Herstal, S.A. (hereinafter "Plaintiff") submits the following Answers to Defendant, Sturm, Ruger & Co., Inc.'s, ("Defendant") Counterclaims.

**NATURE OF THE COUNTERCLAIMS**

1. Plaintiff admits that in the Counterclaims the Defendant has alleged the referenced counterclaims; but Plaintiff denies the merits of any such allegations and denies that Plaintiff's subject Federal trademark registrations, which have achieved "incontestable" registration status, should be cancelled.

**PARTIES**

2. Admitted.

3. Admitted.

**JURISDICTION AND VENUE**

4. Plaintiff admits that this Court has jurisdiction over the subject matter of this action,

but denies Defendant's allegations in the Counterclaims have any merit.

5.   Plaintiff admits that it has alleged in its Complaint the causes of action and remedies against Defendant identified in Paragraph 5 of the Defendant's Counterclaims.

6.   Admitted.

## RUGER, ITS PRODUCTS, AND TRADEMARKS

7.   Plaintiff is without sufficient knowledge and information from which to form a belief pertaining to the allegations of Paragraph 7, and thereby denies the allegations and demands strict proof thereof.

8.   Plaintiff is without sufficient knowledge and information from which to form a belief pertaining to the allegations of Paragraph 8, and thereby denies the allegations and demands strict proof thereof.

9.   Plaintiff is without sufficient knowledge and information from which to form a belief pertaining to the allegations of Paragraph 9, and thereby denies the allegations and demands strict proof thereof.

10.   Plaintiff is without sufficient knowledge and information from which to form a belief pertaining to the allegations of Paragraph 10, and thereby denies the allegations and demands strict proof thereof.

11.   Plaintiff admits that Defendant introduced a firearm under the trademark RUGER-57, and that this firearm uses the type of ammunition referenced, but Plaintiff is without sufficient knowledge and information from which to form a belief pertaining to the remaining allegations asserted within the first sentence of Paragraph 11, and thereby denies those remaining allegations. Plaintiff further denies the allegations of the second sentence of Paragraph 11, with the exception

that Plaintiff admits "57" as used in Defendant's trademark for RUGER-57 is pronounced "FIVE SEVEN." Plaintiff is without sufficient knowledge and information from which to form a belief pertaining to the allegations found within the third sentence of Paragraph 11 as to the reason why Defendant "chose the RUGER-57 name" and that the RUGER trademark is "well-known," and thereby denies those allegations. Plaintiff further affirmatively denies that "57" is a caliber designation and denies Defendant's claim that Defendant's RUGER-57 trademark, which Defendant has just started to use, would be a "well-known" mark, as alleged in the third sentence of Paragraph 11. The last sentence of Paragraph 11 alleges that the image directly below that paragraph shows Defendant's RUGER-57 branded pistol. Plaintiff responds that the subject image appears to show what Defendant has branded as its RUGER-57 firearm, but Plaintiff lacks sufficient information to definitively admit this allegation.

12. Plaintiff admits the allegations of Paragraph 12, except that the alleged opposition filing date of February 13, 2020 is inaccurate. In reality, Plaintiff filed its Notice of Opposition in the United States Patent and Trademark Office against Defendant's trademark application for the mark RUGER-57 on March 9, 2020.

13. Plaintiff admits that Defendant has claimed RUGER-57 is a trademark and that Defendant has filed a Federal application seeking registration of the trademark RUGER-57, but Plaintiff denies that "57" is the caliber of the firearm and further denies the vague and argumentative allegation that Defendant's admitted trademark RUGER-57 is "like" the other identified trademarks, but admits that trademarks may consist of words, letters, and numbers for forming a protectable trademark.

14. Plaintiff is without sufficient knowledge and information as to Defendant's

activities and to what Defendant does or does not claim trademark rights beyond what is at issue in this case, and therefore denies those specific allegations. Neither party has filed for or is claiming rights in a generic caliber designation as Plaintiff is the owner of Federal trademark registrations which have long ago achieved "incontestable" registration status for the trademark FIVE-SEVEN and Defendant seeks to register the trademark RUGER-57 (not only the RUGER portion) without any disclaimer of "57" in the mark. Plaintiff affirmatively denies that Plaintiff's long-protected and Federally registered trademarks are generic or are the caliber of the firearms at issue. Paragraph 14 is additionally incomprehensible as written in that Plaintiff cannot respond as to what "anyone else" can or cannot claim, and Defendant has asserted in Paragraph 14 a tautology.

15. Plaintiff is without sufficient knowledge and information as to whether Defendant is or "is not alone," as this sentence is vague, overly broad, and incomprehensible, and Plaintiff therefore denies the same. Plaintiff further denies the second sentence of Paragraph 15.

## FN HERSTAL, ITS PRODUCTS, AND THE FN "Five-seveN" MARK

16. Plaintiff denies the allegations in Paragraph 16 in that Defendant has misidentified Plaintiff's asserted Federally registered trademarks. Plaintiff does not use the asserted Federally registered marks so that they would necessarily be preceded with "FN," as further shown by the images of the pistols identified below Paragraph 16 of Defendant's Counterclaims where Plaintiff uses the asserted marks without being preceded by "FN." Plaintiff admits at times its asserted mark appears as shown by Defendant, in connection with the pistol chambered for the ammunition shown, but denies that the mark always appears in the manner shown in this paragraph or that the mark is only limited for use on the referenced pistols.

17. Plaintiff denies that it only uses the subject mark as shown by Defendant in Paragraph 17 or that the mark only appears with the beginning "FN" portion as asserted in Paragraph 17 of the Counterclaims, and thereby denies those assertions of Paragraph 17. Plaintiff further denies that "FN" is "its core trademark," in the Plaintiff's Federally registered marks at issue and as alleged in the Complaint, as "FN" does not even appear in Plaintiff's asserted and Federally registered and incontestable trademarks at issue in this proceeding, nor does "FN" always appear in other registered trademarks owned by Plaintiff. The term "core trademark" is additionally vague, incomprehensible, and argumentative, and is not a defined term. Defendant's assertion of "core trademark" is not at issue or even a part of Plaintiff's asserted and Federally registered trademarks. Plaintiff admits it owns the Federal trademark applications and registrations referenced in Paragraph 17, among others. Lastly, Plaintiff admits that "Herstal" is a municipality of Belgium within the country's Walloon Region and Province of Liège. The municipality of Herstal is included in the Greater Liège agglomeration, and Plaintiff admits its headquarters are located within this agglomeration.

18. Plaintiff admits that it owns the Federally registered trademark as shown in Paragraph 18 and it appears in the manner shown. Plaintiff further states that its rights in the subject trademark registration are not limited to that or any other specific stylized form, but are extendable to any stylized form of the mark and enforceable against any infringing uses.

19. Admitted.

20. Plaintiff denies the allegations in Paragraph 20, with the exception that Plaintiff admits the number "57" in Defendant's trademark RUGER-57, which is the subject of Defendant's

Federal trademark application No. 88654610, is pronounced as "FIVE SEVEN" and not as "FIFTY-SEVEN."

21.   Plaintiff denies the first sentence of Paragraph 21. Although Plaintiff admits the second sentence in that the referenced statement appears as taken out of context from Plaintiff's website, Plaintiff denies that this referenced statement is an example of generic use of Plaintiff's trademark.

**FIRST COUNTERCLAIM**
**Cancellation of Registration No. 4017800 for Genericness**
<u>**Under Section 14 of the Lanham Act, 15 U.S.C. § 1064**</u>

22.   Plaintiff repeats and incorporates by reference its answers to Paragraphs 1-21 of the Counterclaims.

23.   Admitted.

24.   Plaintiff denies the allegations of Paragraph 24 and specifically denies that Defendant's use of "57," which is pronounced "FIVE SEVEN" as noted in Paragraph 24 of the Counterclaims, does not have trademark significance, as reflected by Plaintiff's incontestable trademark registrations at issue and by Defendant's Federal trademark application for the mark RUGER-57.

25.   Denied.

26.   Denied.

27.   Denied.

## SECOND COUNTERCLAIM
### Cancellation of Registration No. 2096923 for Genericness
### Under Section 14 of the Lanham Act, 15 U.S.C. § 1064

28. Plaintiff repeats and incorporates by reference its answers to Paragraphs 1-27 of the Counterclaims.

29. Admitted.

30. Plaintiff denies the allegations of Paragraph 30 and specifically denies that Defendant's use of "57," which is pronounced "FIVE SEVEN" as noted in Paragraph 30 of the Counterclaims, does not have trademark significance, as reflected by Plaintiff's incontestable trademark registrations at issue and by Defendant's Federal trademark application for the mark RUGER-57.

31. Denied.

32. Denied.

33. Denied.

## AFFIRMATIVE DEFENSES

34. The Counterclaims of Defendant fail to state a claim against Plaintiff upon which relief can be granted.

35. Plaintiff's Federal trademark registrations at issue, Nos. 2096923 and 4017800, have achieved incontestable registration status. As such, any claims of descriptiveness by Defendant may not be asserted against these two registrations.

36. Defendant has raised improper or insufficient allegations of genericness in asserting the Counterclaims against the Plaintiff

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. For the requested relief in its Complaint;

2. That Defendant's Counterclaims be dismissed with prejudice and the requested relief of Defendant be denied in its entirety.

3. That Plaintiff have such other and further relief as this Court may deem just and equitable.

Respectfully submitted,

By:   /s/ Burton S. Ehrlich
       One of Plaintiff's attorneys

Burton S. Ehrlich
Boris Umansky
John P. Luther
Ladas & Parry LLP
224 S. Michigan Avenue
Suite 1600
Chicago, Illinois 60604
(312) 427-1300

May 6, 2020

                                        By: ____/s/Thomas J. Moore
                                                  Thomas J. Moore
                                                  One of Plaintiff's attorneys
                                                  Virginia State Bar No. 20056

c/o Ladas & Parry LLP
1700 Diagonal Road, Suite 505
Alexandria, VA 22314
Telephone: 571-317-7023